UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - vs - <br><br> MELISSA H. MCGEHEE, <br> a/k/a MELISSA HERNANDEZ, <br> d/b/a MONA'S, and <br> KENNEY J. MCGEHEE, <br> a/k/a KENNY J. MCGEHEE, <br> d/b/a MONA'S, <br><br> Defendants. | CASE NO.: 7:17-cv-00133 |

## COMPLAINT

Plaintiff, JOE HAND PROMOTIONS, INC., by and through its attorney, for its Complaint against Defendants, hereby alleges as follows:

### THE PARTIES

1. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 407 East Pennsylvania Blvd., Feasterville, PA 19053.  Plaintiff held the exclusive commercial distribution rights to (a) the broadcast of *Ultimate Fighting Championship® 193: Rousey vs. Holm*, including all undercard bouts and the entire television broadcast, telecast nationwide on November 14, 2015 (the "UFC Program") and (b) the broadcast of *Miguel Cotto vs. Canelo Alvarez*, including all undercard bouts and the entire television broadcast, telecast nationwide on November 21, 2015 (the "Boxing Program").  The UFC Program and the Boxing Program shall be collectively referred to as the "Programs."

2.    Defendant, MELISSA H. MCGEHEE

    a.    is an individual who resides in the State of Texas;

    b.    is also known as "Melissa Hernandez";

    c.    may be served at 1302 E. 35th St., Odessa, Texas 79762 or wherever found;

    d.    conducted business as "Mona's" on the date of the UFC Program;

    e.    conducted business as "Mona's" on the date of the Boxing Program;

    f.    operated, maintained, and controlled the establishment known as Mona's located at 318 North Hancock Avenue, Odessa, Texas (the "Establishment");

    g.    operated, maintained, and controlled the Establishment on the date of the UFC Program;

    h.    operated, maintained, and controlled the Establishment on the date of the Boxing Program;

    i.    had a right and ability to supervise the activities of the Establishment on the date of the UFC Program;

    j.    had a right and ability to supervise the activities of the Establishment on the date of the Boxing Program;

    k.    had an obvious and direct financial interest in the activities of the Establishment on the date of the UFC Program; and

    l.    had an obvious and direct financial interest in the activities of the Establishment on the date of the Boxing Program.

3.    Defendant, KENNEY J. MCGEHEE

    a.    is an individual who resides in the State of Texas;

    b.    is also known as "Kenny J. McGehee";

    c.    may be served at 1302 E. 35th St., Odessa, Texas 79762 or wherever found;

    d.    conducted business as "Mona's" on the date of the UFC Program;

e. conducted business as "Mona's" on the date of the Boxing Program;

f. operated, maintained, and controlled the Establishment;

g. operated, maintained, and controlled the Establishment on the date of the UFC Program;

h. operated, maintained, and controlled the Establishment on the date of the Boxing Program;

i. had a right and ability to supervise the activities of the Establishment on the date of the UFC Program;

j. had a right and ability to supervise the activities of the Establishment on the date of the Boxing Program;

k. had an obvious and direct financial interest in the activities of the Establishment on the date of the UFC Program; and

l. had an obvious and direct financial interest in the activities of the Establishment on the date of the Boxing Program.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## FACTS

6. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7.     Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses, and similar establishments. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8.     By contract, Plaintiff was granted the exclusive rights to license and distribute the Programs to commercial establishments throughout the United States. The broadcast of the UFC Program and the broadcast of the Boxing Program originated via satellite uplink, and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

9.     Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the broadcast of the UFC Program and the broadcast of the Boxing Program to those establishments in the State of Texas.

10.    Prior to the broadcast of the UFC Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the UFC Program in their Establishment for a fee. Likewise, prior to the broadcast of the Boxing Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Boxing Program in their Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay a fee to Plaintiff to obtain the proper licenses or authorization. At no time did Plaintiff give Defendants license, permission, or authority to receive and exhibit the Programs in their Establishment.

11.     By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communications of the Programs or assisted in such actions.  Defendants then unlawfully transmitted, divulged, and published said communications, or assisted in unlawfully transmitting, divulging, and publishing said communications to patrons in the Establishment.

12.     Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Programs to the patrons within the Establishment.

13.     Defendants pirated Plaintiff's licensed exhibition of the UFC Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff.  In addition, Defendants pirated Plaintiff's licensed exhibition of the Boxing Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff.  Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

14.     At the time of the wrongful conduct described herein, Defendants' agents, servants, and employees were in fact Defendants' agents, servants, and employees, and acting within the scope of their employment and authority as Defendants' agents, servants, and employees.

## SATELLITE PIRACY/CABLE PIRACY

15.     Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

16.     Defendants' wrongful actions, in connection with the unauthorized exhibition of the UFC Program and the unauthorized exhibition of the Boxing Program, as described above, violate 47 U.S.C. § 605.  By reason of Defendants' violations of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

17.     Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the UFC Program and the unauthorized exhibition of the Boxing Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

18.     Accordingly, as to each violation, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a.     for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 in connection with the UFC Program, or alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553 in connection with the UFC Program;

  b. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 in connection with the Boxing Program, or alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553 in connection with the Boxing Program;

  c. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

  d. for such other and further relief to which Plaintiff may be entitled.

    Respectfully submitted,

    JAMIE KING, P.C.

    */s/ Jamie King*
    Jamie King
    Attorney-in-Charge
    State Bar No. 24043755
    P.O. Box 5757
    Kingwood, Texas 77325
    (832) 584-0106 Telephone
    (888) 247-0443 Facsimile
    jamie@jamiekingpc.com

    ATTORNEY FOR PLAINTIFF,
    JOE HAND PROMOTIONS, INC.