UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

- vs -

MELISSA H. MCGEHEE,
a/k/a MELISSA HERNANDEZ,
d/b/a MONA'S, and
KENNEY J. MCGEHEE,
a/k/a KENNY J. MCGEHEE,
d/b/a MONA'S,

    Defendants.

CASE NO.: 7:17-cv-00133-RAJ-DC

FILED
JAN 10 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

## FINAL DEFAULT JUDGMENT

Upon consideration of Plaintiff, Joe Hand Promotions, Inc.'s Motion for Final Default Judgment against Defendants, (1) MELISSA H. MCGEHEE, a/k/a MELISSA HERNANDEZ, d/b/a MONA'S and (2) KENNEY J. MCGEHEE, a/k/a KENNY J. MCGEHEE, d/b/a MONA'S ("Motion"), the accompanying Supporting Brief, evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act and recognizes Plaintiff's election to seek statutory damages under 47 U.S.C. § 605.

The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants, (1) MELISSA H. MCGEHEE, a/k/a MELISSA HERNANDEZ, d/b/a MONA'S and (2) KENNEY J. MCGEHEE, a/k/a KENNY J. MCGEHEE, d/b/a MONA'S (hereinafter referred as "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's

1

Complaint are deemed admitted against Defendants; that Defendants exhibited the closed circuit *Ultimate Fighting Championship® 193: Rousey vs. Holm* broadcast, including all undercard bouts and the entire television broadcast, scheduled for November 14, 2015 (the "UFC Program") and the closed circuit *Miguel Cotto vs. Canelo Alvarez* broadcast, including all undercard bouts and the entire television broadcast, scheduled for November 21, 2015 (the "Boxing Program") without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. That judgment by default is hereby entered in favor of Plaintiff, JOE HAND PROMOTIONS, INC. and against Defendants, (1) MELISSA H. MCGEHEE, a/k/a MELISSA HERNANDEZ, d/b/a MONA'S and (2) KENNEY J. MCGEHEE, a/k/a KENNY J. MCGEHEE, d/b/a MONA'S; and

2. That Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00 for the UFC Program; and

3. That Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00 for the Boxing Program; and

4. That Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00 for the UFC Program; and

5.   That Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00 for the Boxing Program; and

6.   That Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, in the amount of $2,475.00; and

7.   That Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, for post-trial and appellate services in the event of the need for post-trial and appellate services, as follows:

   a.   $2,500.00 for collection of the judgment in the event that Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment or other process;

   b.   $5,000.00 in the event that any Defendant files a post-judgment motion or pre-appeal motion that does not result in a reversal of the judgment; and

   c.   $15,000.00 in the event that any Defendant files an appeal with the Court of Appeals for the 5th Circuit that does not result in a reversal of the judgment.

8.   That Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $550.00; and

9.   The Court also awards Plaintiff post-judgment interest on the amounts awarded herein at an annual rate of 1.82% from the date of this judgment until paid; and

10.   All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

THIS IS A FINAL JUDGMENT.

SO ORDERED.

SIGNED this \_\_10th\_\_ day of \_\_January\_\_, 2017 in Midland, Texas.

_____
ROBERT A. JUNELL
SENIOR UNITED STATES DISTRICT JUDGE